Oleksandr **KRAVCHUK**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 04–70190.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2007.

Filed Jan. 10, 2008.

Wardlaw, Circuit Judge, filed dissenting opinion.

Oleksandr Kravchuk, Sacramento, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Earle B. Wilson, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM *

Oleksandr Kravchuk, a native and citizen of Ukraine, petitions for review of the Board of Immigration Appeals' affirmance, without opinion, of the Immigration Judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture. He alleges that he was persecuted on account of his religion. We have jurisdiction pursuant to 8 U.S.C. § 1252(b). We review the IJ's decision as the final agency determination. 8 C.F.R. § 1003. 1(e)(4)(ii). We review the IJ's decisions for substantial evidence. *I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Hanna v. Keisler,* 506 F.3d 933, 937 (9th Cir.2007). The IJ found Kravchuk to be credible, so we accept his testimony as true.

■ Kravchuk presented several incidents of mistreatment in support of his asylum claim. In 1978 and again in 1986, Kravchuk was summoned by the KGB (also referred to as the Security Service of Ukraine) and asked to disclose to them information about his unregistered church, the Evangelical Baptist Church, and its members. Also in 1986, he was fined and eventually jailed for holding illegal gatherings for the church. Believing that the fall of the Soviet Union rendered these events irrelevant, the IJ did not consider them in her decision, nor did she make a finding of past persecution, and thus never explicitly "shift[ed] the burden to the government to show that there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." *Hanna,* 506 F.3d at 937; *see* 8 C.F.R. § 208.13(b)(1). In this, the IJ erred. However, these errors are harmless because the 1978 and 1986 incidents, taken as true, do not amount to persecution, even if the change in country conditions is totally disregarded.

■ Kravchuk further testified that in 1997—in post-Soviet Ukraine—he lost his job. The IJ found that the evidence was "ambiguous as to whether he was laid off or fired." The record supports this finding of ambiguity.

Finally, Kravchuk testified about two incidents occurring in 2000. In April, he was taken to the police station after members of his church got into a fight in a park with members of the Eastern Orthodox Church. He was "charged ... with unauthorized proselytizing in [a] public place and refusal to register with the state as [an] evangelical Baptist." One month later, he was summoned by the Security Service of Ukraine, which sought information about donations to the church and about foreign visitors. Kravchuk was struck twice during this meeting and threatened that non-acci-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dental "accidents" could befall him in the future. He was not detained overnight nor did he require any medical attention. This sort of abusive police behavior is not to be condoned, but does not rise to the level of persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019 (9th Cir.2006) ("Because persecution is an extreme concept, it does not include every sort of treatment our society regards as offensive.") (internal quotation marks omitted).

The IJ found that Kravchuk's experiences in 1997 and 2000 "were isolated incidents," unconnected to the troubles experienced by Kravchuk or his church prior to the advent of an independent Ukraine. Furthermore, the IJ noted that Ukranian law requiring churches to register with the state in order to engage in various types of business, or to have a permit for public gatherings, is not persecution. The IJ did not explicitly find no past persecution, but clearly did so implicitly.

In summary, substantial evidence supports the IJ's decision that Kravchuk has not demonstrated he was persecuted or would be persecuted on account of a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i). Therefore, Kravchuk is not entitled to asylum, withholding of removal, or relief under the Convention Against Torture. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Ahmed v. Keisler,* 504 F.3d 1183, 1199 (9th Cir.2007); 8 C.F.R. § 208.16(c)(4).

**PETITION FOR REVIEW DENIED.**

WARDLAW, Circuit Judge, dissenting.

I respectfully dissent.

Here, the IJ found Kravchuk credible. As the majority notes, the IJ committed legal error by then conflating the question whether Kravchuk suffered past persecution with whether evidence of changed country conditions rebutted the presumption that necessarily flows from a finding of past persecution. *Hanna v. Keisler,* 506 F.3d 933, 938 (9th Cir.2007). The majority's attempt to rescue the IJ from her erroneous view of the law by employing harmless error analysis finds no support in our jurisprudence. "Harmless error" is not the standard by which we review the IJ's decision. Rather we must ask whether the decision is supported by substantial evidence. *See I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Substantial evidence does not support the IJ's conclusion. The 1978, 1986 and 2000 incidents amount to past persecution under our precedents. The 2000 event alone, where members of the Security Service of Ukraine knocked Kravchuk unconscious for his failure to cooperate with the government in hunting down members of his unregistered Baptist church, establishes past persecution. *See Chand v. I.N.S.,* 222 F.3d 1066, 1073 (9th Cir.2000) (noting that "physical harm has consistently been treated as persecution" before analyzing changed country conditions). Moreover, that this event occurred long after the fall of the Soviet Union demonstrates that country conditions have not changed in a manner that precludes persecution of evangelicals.

Because the record compels a finding that Kravchuk was persecuted on account of his religious beliefs, the IJ committed legal error in her analysis and the IJ found Kravchuk credible, I would hold that a presumption of future persecution has arisen. I would remand this petition to the BIA for an express determination as to whether the government has sufficiently rebutted this presumption with evidence of changed country conditions.